# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VICTORY SPORTS & ENTERTAINMENT, LLC, <br><br> Plaintiff(s), <br><br> v. <br><br> JOSE PEDRAZA, et al., <br><br> Defendant(s). | Case No.: 2:19-cv-00826-APG-NJK <br><br> **Order** <br><br> [Docket No. 13] |

Pending before the Court is Plaintiff's second attempt to seal its complaint that it filed on the public docket. Docket No. 13. The first motion was denied as "woefully deficient." Docket No. 9. The second motion does not fare much better. For the reasons discussed below, the motion to seal is **DENIED** and the Clerk's Office is **INSTRUCTED** to unseal the complaint.

## I.     STANDARDS

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).

The standard applicable to a motion to seal turns on whether the sealed materials are submitted in conjunction with a dispositive or a non-dispositive motion. Whether a motion is "dispositive" turns on "whether the motion at issue is more than tangentially related to the

underlying cause of action." *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016). Courts within the Ninth Circuit are generally in agreement that a request to seal the complaint or material attached to the complaint is considered "dispositive" for purposes of a sealing request. *See, e.g.*, *Birch v. Delporto*, 2019 WL 2298699, at *2 (D. Nev. May 30, 2019); *Billman Prop., LLC v. Bank of America, N.A.*, 2015 WL 575926, at *1 (D. Nev. Feb. 11, 2015) (collecting cases).

Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana*, 447 F.3d at 1180. The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Id.* at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

The burden to show compelling reasons is not met by conclusory assertions, but rather the movant must "articulate compelling reasons supported by specific factual findings." *Id.* at 1178. For example, the Ninth Circuit has rejected efforts to seal documents under the "compelling reasons" standard based on "conclusory statements about the contents of the documents–that they are confidential and that, in general," their disclosure would be harmful to the movant. *Id.* at 1182. Such "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Id.* In allowing the sealing of a document, the Court must "articulate the basis for its ruling, without relying on hypothesis and conjecture." *See, e.g.*, *Pintos*, 605 F.3d at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

## II.     ANALYSIS

Through the pending motion to seal, Plaintiff seeks to retroactively seal the complaint that it filed on the public docket. Plaintiff first sought to seal the complaint more than two weeks after

it was filed publicly. *Compare* Docket No. 1 *with* Docket No. 8. The Court sealed the complaint on an interim basis subject to the filing of a meritorious motion to seal. *See* Docket No. 9. Such a meritorious motion was not filed.

As a threshold matter, Plaintiff states repeatedly that the motion should be granted because "none of the parties" opposes the sealing request. *See, e.g.*, Mot. at 3. This statement misunderstands the applicable analysis. While the parties' positions are certainly considered in determining whether to seal a filing, the Court's analysis is focused on determining whether <u>the public's</u> right to access the material is outweighed by the reasons advanced for sealing. *E.g.*, *Kamakana*, 447 F.3d at 1178-79. The fact that all the litigants may wish to keep information secret from the public is not sufficient to seal that information.

The motion seeks to seal "certain propriety information." That aspect of the motion is premised on the assertion that there will be competitive disadvantage if that information "were made available to the public." Mot. at 2. The fallacy in this assertion is that Plaintiff <u>has already made this information available to the public</u> by filing the complaint on the public docket and taking no action for weeks.[1] "Secrecy is a one-way street: Once information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008). A request to seal information that was publicly disclosed involves "an inherent logical dilemma" in that "information that has already entered the public domain cannot in any meaningful way be later removed from the public domain." *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2012 WL 1432519, *2-7 (D. Ariz. Apr. 25, 2012) (denying after-the-fact requests to seal portions of transcript of hearing that was open to the public); *see also Constand v. Cosby*, 833 F.3d 405, 410 (3d Cir. 2016) ("[p]ublic disclosure cannot be undone"); *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014) ("once a fact is widely available to the public, a court cannot grant 'effective relief' to a person seeking to keep that fact a secret"); *Doe No. 1 v. Reed*, 697 F.3d

---

[1] As noted below, an amended complaint was also filed on the public docket and sealing has not been sought for that document. *See* Docket No. 11. As also discussed below, the motion to seal does not identify with particularity what information is confidential, so it may well be that some of the purportedly confidential information is also contained within the publicly-available amended complaint.

1235, 1238-40 (9th Cir. 2012) ("[t]his relief is no longer available because the petitions are now available to the public"); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 & n.11 (2d Cir. 2004) ("The genie is out of the bottle . . . We have not the means to put the genie back"). Plaintiff offers no explanation how the Court can fashion effective relief by sealing a document that was filed on the public record.

At any rate, an insufficient showing has been made that the "proprietary information" at issue could qualify for shielding from public view. As noted above, a request to seal that information must meet the rigorous "compelling reasons" standard and conclusory assertions of competitive harm fail under that standard. *Kamakana*, 447 F.3d at 1178. Plaintiff's motion indicates that there are "contracts" and "negotiations" the public release of which "could damage the parties' competitive advantage in promoting and furthering their fighters and careers due to the sensitive financial information made between the parties." Mot. at 2. The motion does not identify where in the 42-page complaint such information appears. Instead, it vaguely references Defendant's "boxing license status and medical conditions," as well as "payment amounts and proprietary information from other contracts which are subject to separate [sic] confidentiality agreement." Mot. at 2-3. Without further elaboration, "Plaintiff requests this information be sealed." *Id.* Such a bald request fails under the compelling reasons standard.

Plaintiff also "requests the opportunity to redact" Defendant's birthdate, which it included in the complaint. *See* Mot. at 2. Counsel already had the opportunity to redact this information. Indeed, counsel actually had an affirmative obligation to make that redaction <u>before</u> filing the complaint on the docket. Fed. R. Civ. P. 5.2(a)(2) ("in an electronic or paper filing with the court that contains an individual's . . . birth date . . ., a party or nonparty making that filing may include only . . . the year of the individual's birth") ; Local Rule IC 6-1(a) (party must "refrain from including [an individual's birthdate] from all documents filed with the court. . . . If an individual's date of birth must be included, only the year should be used."); Local Rule IC 6-1(c) ("The responsibility for redacting these personal identifiers rests solely with attorneys and the parties"). The Court wholeheartedly agrees that Defendant's birthdate should not have been included without redaction in the complaint. Again, however, the rules impose a duty on counsel to address that

4

issue before filing a document because the Court cannot unring that bell after personal identifying information is revealed publicly.  Moreover, Plaintiff inexplicably publicized Defendant's birthdate yet again in the publicly-filed amended complaint. Docket No. 11 at ¶ 9.[2]  Sealing of the amended complaint has never been sought, and it remains on the public docket.  Sealing only one of the two instances in the record of the improper revelation of Defendant's birthdate would be pointless.[3]

### III. CONCLUSION

For the reasons discussed above, Plaintiff has not met the compelling reasons standard for sealing the complaint and the renewed motion to seal (Docket No. 13) is **DENIED**.  The Clerk's Office is **INSTRUCTED** to unseal the complaint.

IT IS SO ORDERED.

Dated: June 24, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Plaintiff's counsel filed the amended complaint without that redaction after acknowledging the local rule that personal identifying information must be redacted. Docket No. 8 at 2; *see also* Docket No. 9 at 2 n.1 (order identifying local rule governing redaction of dates of birth).  Plaintiff's counsel is hereby **ADMONISHED** for violating the rules requiring redaction of personal identifiers.

[3] In some instances, the Court might err on the side of caution to allow after-the-fact redaction in an effort to limit the dissemination of a party's personal identifying information caused by the opposing party's violation of the rules.  In this case, however, Defendant's birthdate is already widely known.  *See https://en.wikipedia.org/wiki/Jos%C3%A9_Pedraza_(boxer)*.  As such, the circumstances of this case do not justify redaction of information already in the public domain.  At the same time, the Court wants to be crystal clear that the publicly-known nature of a personal identifier does not exempt a party or attorney from complying in the first instance with the redaction requirements in the governing rules. *See* Fed. R. Civ. P. 5.2(a)(2) (identifying no such exception); Local Rule IC 6-1(a) (same).