UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTORY SPORTS & ENTERTAINMENT, LLC,<br><br>    Plaintiff(s),<br><br>v.<br><br>JOSE PEDRAZA, et al.,<br><br>    Defendant(s). | Case No.: 2:19-cv-00826-APG-NJK<br><br>**Order**<br><br>[Docket Nos. 39-40] |

Pending before the Court is Plaintiff's third attempt at obtaining a writ of execution. Docket Nos. 39-40.

The previous attempts have been stymied by numerous deficiencies, including a failure to explain why Plaintiff is entitled to the post-judgment interest rate of 6.75%. Docket Nos. 36, 38. Plaintiff has now explained that its post-judgment interest rate request is based on state statute. *See* Docket No. 40 at 5-6 (citing N.R.S. 17.130). Plaintiff has not explained why state law would govern the amount of interest in this case, however, and "[i]t is settled that even in diversity cases post-judgment interest is determined by federal law." *Northrop Corp. v. Triad Int'l Marketing, S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988) (collecting cases) (internal quotations omitted).

The dollar amount of interest sought is also confusing. The bottom of page one of the proposed writ provides lines for (1) the amount of interest accrued, (2) the amount of costs and fees accrued, and (3) the total of the interest, costs and fees. Docket No. 40 at 1. Plaintiff identifies the total judgment amount as the amount of interest accrued, a smaller amount in the form of costs

and fees,[1] and then a total exceeding the judgment as the total in interest, costs and fees. *Id.*[2] The total judgment amount should not be included in this section. *See id.* (heading for this section of "WHEREAS, according to the affidavit and request for issuance of writ of execution filed here, it appears that *further sums have accrued since the entry of judgment*" (emphasis added)). Plaintiff then makes similar mistakes on the affidavit. *See id.* at 3 (identifying the original principal amount as the amount of "accrued interest").

Seeking a writ should be a simple administrative task handled by the Clerk's Office. The Court has instead already been required to expend judicial resources on three occasions on the writ request in this case. The Court requires requests to be made with a reasonable basis in the law and, further, that attorneys carefully read and complete the forms they are submitting to ensure factual accuracy. *See* Fed. R. Civ. P. 11. The Court will not continue to expend scarce resources providing guidance on what should be self-evident. Any additional request for a writ of execution must be sufficient in all respects.

For the reasons discussed above, the motion for writ of execution is again DENIED.

IT IS SO ORDERED.

Dated: May 20, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] There is a typographical error with this amount as an extra number is included within the figure.

[2] The Court has not included the amounts listed because the request was filed under seal.